IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOREY JONES, | |
| Plaintiff, | |
| v. | Case No. 25-cv-1540-NJR |
| ANTHONY WILLS, KEVIN REICHERT, WARDEN KNUST, MAJOR RATHKE, MAJOR DEMOND, MAJOR MACLANHAN, LT. LYNCH, LT. ROYSTER, LT. SULSER, SERGEANT JONES, LT. DYE, C/O CHANDLER, C/O WRIGHT, MAJOR HASEMEYER, MAJOR BROWN, and LT. WINE, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Korey Jones, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Jones alleges that he has been denied access to the yard, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

On August 21, 2024, Jones transferred to Menard Correctional Center to serve a one year sentence in segregation (Doc. 1, p. 10). He was placed in the restrictive housing unit. After 30 days in the unit without access to the yard or any form of recreation, Jones alleges that he started writing letters to the wardens. He wrote to Wardens Wills, Reichert, and Knust on at least five occasions but never received a response (*Id.*). Jones next wrote letters to the majors in charge of the restrictive housing unit (*Id.*). On some unknown date, Jones spoke directly with Major Demond, but he repeated the response that he received from every Major, including Majors McClanhan, Hasemeyer, and Brown (*Id.* at p. 11). All stated that the unit was not scheduled for the yard (*Id.*).

Jones alleges that he also personally spoke to Lieutenant Sulser when he walked the gallery (Doc. 1, p. 11). He asked Sulser about the lack of access to the yard, and Sulser informed him that the unit was not on the schedule for the yard (*Id.*). Jones spoke to Lieutenant Dye when he was being transported to a psychiatric appointment (*Id.*). Jones noted that he had not been on the yard in months (*Id.*). Dye responded that no one in the restrictive housing unit had access to the yard. Jones also spoke to Lieutenant Royster when he walked the gallery, and Royster responded that restrictive housing does not receive access to the yard (*Id.*).

Sometime between June 16 and June 25, 2025, Jones also spoke to Lieutenant Lynch while he escorted a med-tech through the unit (Doc. 1, p. 12). Jones asked about his ability to access the yard, noting that he had not visited the yard in over ten months (*Id.*). Lynch told him to write a grievance about his complaint (*Id.*).

Jones also spoke to Sergeant Jones on several occasions, and Sergeant Jones informed Jones that there was no access to the yard in restrictive housing (Doc. 1, p. 12). He wrote letters to Majors Brown, Maclanhan, Hasemeyer, and Rathke (*Id.*). He believes that the officials all received his letters because his counselor relayed a message from Major Rathke that there was no access to yard in the unit (*Id.*). Lieutenant Wine also informed Jones that yard was not official's priority (*Id.*).

Jones alleges that not only has he been denied access to the yard since August 2024, but he is held in a small cell with plexiglass and metal over his cell (Doc. 1, p. 12). Jones argues that his cell is comparable to a dog kennel. His continued confinement in the cell has led to a deterioration in his mental health including delusions (*Id.* at pp. 12-13). Jones alleges that on May 16, 2025, he started throwing feces and yelling that he heard voices. He also sees and hears things that are not there. Jones also suffers from bed sores and body cramps due to the lack of exercise (*Id.* at p. 13).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills, Kevin Reichert, Warden Knust, Major Demond, Major Rathke, Major Maclanhan, Major Brown, Major Hasemeyer, Lieutenant Dye, Lieutenant Lynch, Lieutenant Royster, Lieutenant Sulser, C/O Chandler, C/O Wright, Sergeant Jones, and Lieutenant Wine for denying Jones access to the yard and other recreation while in the restrictive housing unit.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

To state an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He must also allege that the defendants exhibited deliberate indifference to a substantial risk of serious harm to the inmate, despite the defendants' knowledge of the bad conditions. *Farmer*, 511 U.S. at 837, 842. Denial of exercise opportunities and out of cell time may amount to an Eighth Amendment violation. *See Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013); *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).

At this stage, Jones states a viable claim for deliberate indifference against Major Demond, Lieutenant Sulser, Lieutenant Dye, Lieutenant Royster, Lieutenant Lynch, Sergeant Jones, Lieutenant Wine, and Major Rathke. He alleges that he personally spoke to these officials on numerous occasions about his access to the yard and they informed him that the restrictive housing unit is not allowed access to the yard. Jones also alleges

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

that he wrote to Major Rathke and knows that Rathke received the correspondence because Jones's counselor informed him that Rathke stated there was no access to the yard for his unit (Doc. 1, p. 12).

Jones also alleges that he wrote to other high-ranking officials including several wardens and majors. He fails, however, to indicate when he wrote the letters or the contents of those letters. There are also no allegations to suggest that they received the correspondence or were on notice of the specific conditions that Jones faced. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015) ("An inmate's correspondence to a prison administrator may…establish a basis for personal liability under [Section] 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation."). Without additional facts regarding the dates and contents of the letters, Jones fails to state a viable claim against these officials. Thus, his claim against Warden Wills, Warden Reichert, Warden Knust, Major McClanhan, Major Hasemeyer, and Major Brown are **DISMISSED without prejudice**.

Finally, Jones identifies correctional officers Chandler and Wright in the case caption but fails to include any allegations against them in his statement of claim. Thus, his potential claim against Chandler and Wright is also **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Major Demond, Lieutenant Sulser, Lieutenant Dye, Lieutenant Royster, Lieutenant Lynch, Sergeant Jones, Lieutenant Wine, and Major Rathke. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Major Demond, Lieutenant Sulser, Lieutenant Dye, Lieutenant Royster, Lieutenant Lynch, Sergeant Jones, Lieutenant Wine, and Major Rathke: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Jones. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless

6

of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 16, 2025

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**